IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MELVIN BUTLER | § | |
| v. | § | CIVIL ACTION NO. 6:13cv368 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Melvin Butler, proceeding *pro se*, filed this application for the writ of habeas corpus challenging the legality of his confinement in the Cherokee County Jail. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Butler was convicted on February 12, 2009, of three counts of aggravated robbery, receiving concurrent sentences of 35 years in prison. He did not take a direct appeal, but filed a state habeas application challenging one of these convictions. This state habeas application was filed on February 26, 2013, and denied without written order on March 18, 2013.

In his federal habeas petition, Butler complained that he received ineffective assistance of counsel and his plea of guilty was involuntary because he was threatened by the prosecutor, who told him in the plea proceeding that the State could withdraw the plea offer and try the three cases separately, requesting consecutive sentences. He also stated that he was "threatened" when counsel told him that if he did not plead guilty, the State had other robbery charges which they could bring against him.

The Magistrate Judge ordered Butler to show cause why his petition should not be dismissed due to the expiration of the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). In response, Butler contended that he was actually innocent and that he was being confined longer than was legally permitted because he had been threatened by the prosecutor and he received ineffective assistance of counsel. He referred to Rule 2 and Rule 11 of the Federal Rules of Criminal Procedure and argues that he did not discover that he could seek habeas corpus relief until he received a copy of the reporter's record in January of 2013.

After review of the pleadings, the Magistrate Judge issued a Report on July 3, 2013, recommending that the petition be dismissed because of the expiration of the statute of limitations. The Magistrate Judge determined that Butler's conviction became final on March 16, 2009, and his limitations period began to run at that time, expiring on March 16, 2010.

With regard to Butler's claim of actual innocence, the Magistrate Judge concluded that Butler failed to meet the threshold requirements of actual innocence as set out in McQuiggins v. Perkins, 133 S.Ct. 1924, 1928 (2013) because he did not show that in light of new evidence, credible declarations of guilt by another person, trustworthy eyewitness accounts, or critical physical evidence, no reasonable juror would have voted to find him guilty beyond a reasonable doubt. Although Butler testified that he had been "threatened," the Magistrate Judge observed that the threat of a lengthier sentence is not proof that the guilty plea was coerced. Jones v. Estelle, 584 F.2d 687, 690 (5th Cir. 1978).

The Magistrate Judge next determined that Butler had failed to show any basis for equitable tolling of the statute of limitations, in that his first challenge to the conviction was raised four years after this conviction was handed down. Finally, the Magistrate Judge recommended that Butler be denied a certificate of appealability *sua sponte*.

Butler filed objections to the Magistrate Judge's Report on July 31, 2013. These objections argue that Butler received ineffective assistance of counsel because his attorney, Michael Fetter, told him to plead guilty even though Butler was innocent. He states that he was compelled to take this

plea because he had not heard anything from Fetter even though Butler had been in jail for 14 months. He again maintains that he was "threatened" by being told that his sentences could be stacked and that the State had other robbery charges which they could bring against him.

Butler attaches exhibits in support of his claim of actual innocence, but these exhibits consist of police reports, but these reports do not identify the persons accused of carrying out a robbery of a Blockbusters store in Longview. Butler does not explain how these reports demonstrate that he is actually innocent of the offenses.

Butler's objections offer nothing to show why his petition should not be barred by the statute of limitations. Although he claims that he only learned that he could seek habeas corpus relief when he received a copy of the reporter's record, Butler fails to show that he did not know and could not have reasonably known that he could seek habeas corpus relief prior to January of 2013, when he received a copy of the reporter's record. The Fifth Circuit has held that the equitable tolling doctrine applies when the plaintiff is actively misled about the cause of action or is prevented in some way from asserting his rights. Shabazz v. Johnson, 245 F.3d 790, 2000 WL 1910111 (5th Cir., December 19, 2000), *citing* Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). Ignorance of the law and *pro se* status during the applicable filing period are not rare and exceptional circumstances warranting equitable tolling. Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir. 2000). Butler has not shown that he was "actively misled" about the existence of the habeas corpus remedy or that he was prevented in some way from asserting his rights; as the Magistrate Judge observed, Butler complained of events which occurred at the guilty plea proceeding, of which he necessarily had personal knowledge. Butler's objections are without merit.[1]

---

[1] In Egerton v. Cockrell, 334 F.3d 433, 437 (5th Cir. 2003), the prison law library at the unit where the petitioner was confined did not have a copy of the Anti-Terrorism and Effective Death Penalty Act of 1996, which established the statute of limitations. The Fifth Circuit held that an inadequate law library may constitute a state-created impediment that would toll the one-year limitations period, Here, however, Butler does not allege that the law library at the unit where he was confined was inadequate or that it did not contain sufficient information to enable him to learn of the existence of habeas corpus as a means to challenge his conviction.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Melvin Butler is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all other motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 7th day of August, 2013.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**